IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JEFFREY-ALLEN: HILL-YISRA'EL, Owner and Holder in Due Course of The Trademark Jeffrey Allen Hill ® ℠, | : : : | |
| Plaintiff, | : : | CIVIL ACTION |
| v. | : : | No. 5:24-CV-59 (CAR) |
| KENNETH PAXTON, Attorney General of the State of Texas; STATE OF TEXAS; and JOHN AND JANE DOES; | : : : : : | |
| Defendants. | : : | |

## ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT AS FRIVOLOUS

Plaintiff Jeffrey-Allen: Hill-Yisra'el, proceeding *pro se*, filed the instant action alleging violations of the Lanham Act against Defendants Kenneth Paxton, the Attorney General of the State of Texas; the State of Texas; and John and Jane Does. Plaintiff has moved this Court for permission to proceed without prepayment of fees. Plaintiff's Affidavit in support of his Motion to Proceed *in forma pauperis* ("IFP") supports the Court's finding that he is unable to pay the cost of commencing this action or United States Marshal service fees. Accordingly, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**. However, as explained below, Plaintiff's Complaint [Doc. 1] is **DISMISSED** as frivolous.

**DISCUSSION**

Although Plaintiff is eligible to proceed IFP, his Complaint must be dismissed as frivolous. The federal IFP statute requires courts to dismiss an indigent action if it: (1) is found to be frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.[1] A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."[2] Dismissals on this ground should only be ordered when legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations that are "clearly baseless."[4] "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional."[5]

Upon review of Plaintiff's Complaint, the Court concludes that Plaintiff's claims are legally and factually frivolous, indisputably meritless, and rely on factual allegations that are clearly baseless. Plaintiff claims Defendants unlawfully used and continue to use his allegedly trademarked name "Jeffrey Allen Hill" on court documents to demand collection of child support payments on behalf of his children in the State of Texas.[6]

---

[1] 28 U.S.C. § 1915(e)(2)(b).

[2] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

[3] *Id.*

[4] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

[5] *Id.* at 32-33 (quoting *Neitzke*, 490 U.S. at 325, 327).

[6] The Court notes Plaintiff filed a substantially similar case, *Jeffrey-Allen: Hill-Yisra'el, as the owner and holder in due course of the trademark Jeffrey-Allen Hill v. Kenneth Paxton, Attorney General of the State of Texas, et al.*, Case No. 5:24-CV-39-TES (M.D. Ga. Jan. 31, 2024), which was also dismissed as frivolous. Plaintiff is a frequent filer of frivolous lawsuits: *See Allen v. State of Georgia*, Case No. 5:24-cv-40-MTT (M.D. Ga. Feb. 13, 2024); *Allen a/k/a Hill v. Hall*, Case No. 5:21-cv-76-MTT (M.D.

Plaintiff alleges he is an "Enrolled Tribal Member of the Achukma Nation Blood line Cherokee, Black Foot and Creek Nations, pursuant to 25 CFR § 83.11," and on May 13, 2023, he filed and registered his trademark for the "name(s), portrait(s), and/or signature(s) in the mark 'Jeffrey Allen Hill'" with the United States Patent and Trademark Office.[7] Plaintiff claims he "holds and maintains exclusive rights to authorize and create any and all derivatives of 'Jeffrey Allen Hill' within Registration # 7,064,913 US ®,"[8] and Defendants have committed "numerous" trademark infringements by using the trademarked "Jeffrey Allen Hill" on court documents to collect child support payments "without obtaining a license to do so."[9]

Plaintiff's claim that Defendants somehow violated the Lanham Act when the Child Support Division of the Texas Attorney General's Office used Plaintiff's name in its attempt to collect child support payments is patently frivolous. These allegations have no arguable basis in either law or fact, and further amendment will not cure the insufficiencies. Thus, this action must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Proceed IFP [Doc. 2] is **GRANTED**, but Plaintiff's Complaint [Doc. 1] is **DISMISSED without prejudice** as frivolous.

---

Ga. Mar. 1, 2021); and *Allen a/k/a Hill v. Mincey*, Case No. 5:21-cv-146-MTT (M.D. Ga. Apr. 28, 2021).

[7] Compl. ¶ ¶ 3, 9 [Doc. 1]; Ex. A [Doc. 1-2].

[8] *Id.* at ¶ 13.

[9] *Id.* at p. 1.

**SO ORDERED,** this 24th day of April, 2024.

                                                    S/ C. Ashley Royal_____
                                                  C. ASHLEY ROYAL, SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT